Albert C. Drucker v. Commissioner.
Drucker v. Commissioner
Docket No. 37041.
United States Tax Court
1952 Tax Ct. Memo LEXIS 158; 11 T.C.M. (CCH) 680; T.C.M. (RIA) 52204; June 26, 1952
*158 Albert C. Drucker, pro se. S. Jarvin Levinson, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $1,489.14 in the income tax of the petitioner for 1946. The two issues for decision are whether $8,600.74, representing uncollected commissions of a salesman of a partnership in which the petitioner had a one-half interest, was income of the partnership for 1946, and whether the partnership was entitled to a deduction of $7,000 for 1946 paid in settlement of a suit brought against it by O.P.A. Findings of Fact The petitioner filed his return for 1946 with the collector of internal revenue for the Fourteenth District of New York. The petitioner and his brother each had a 50 per cent interest in a liquor business carried on by a partnership under the name of Hercules Liquor Products Company. The partnership was in existence for a number of years prior to 1946 and its affairs were not fully wound up until after 1946. The partnership was not terminated until after 1946. $8,600.74 of the commissions due a salesman for a year prior to 1944 were withheld by the partnership pending the settlement of *159 the claim of a customer. The salesman died prior to 1946. The claim of the customer was settled prior to 1946. No claim on behalf of the salesman, his estate, or his heirs was ever made for the commissions. The statute of limitations against the making of a claim against the partnership for the commissions did not expire until after 1946. The Commissioner, in determining the deficiency, erred in including one-half of the $8,600.74 in the petitioner's income for 1946. The Price Administrator of the Office of Price Administration brought suit against the partnership and also against a commission salesman of its products for sale of products at prices in excess of the applicable maximum established therefor by Maximum Price Regulation No. 193 and 445, as amended. The partnership had never sold any of its products in excess of the maximum prices fixed by those regulations and had never received amounts for its products in excess of those maximum prices. The salesman was not its employee but was an independent operator. The suit was for a very large amount. The Price Administrator released and discharged the partnership and the partners from all claims arising out of the alleged sale *160 of products in excess of the applicable maximum prices upon payment to him by the partnership of $7,000 on June 27, 1946. The partnership paid the $7,000 to rid itself of the nuisance of the suit, believing that the costs of defense would far exceed the $7,000 despite the fact that it was not guilty of any violation. The $7,000 was deductible as an ordinary and necessary expense of the business for 1946. Opinion MURDOCK, Judge: The evidence fails to disclose any basis for including the $8,600.74 in the income of the partnership for 1946. Absolutely nothing happened in that year which would justify treating this amount as income for that year. The evidence shows that the $7,000 was an ordinary and necessary expense of the business and was not a penalty, the deduction of which would be against public policy. ; . Decision will be entered under Rule 50.