OPINION. Black, Judge: Tbe only question to be decided is the tax consequences of a $5,000 payment in settlement of a lawsuit. Respondent determined that the payment should reduce the sale price of certain capital assets of the business on which a capital gain was realized. Petitioner contends that it is an ordinary and necessary expense, fully deductible under section 23 (a) (2), Internal Revenue Code, which provides as follows: SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses.— * * * * * * * (2) Non-trade or non-business expenses. — In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. The petitioner and K. H. Francis decided to terminate the cotton compress and warehouse business which they conducted as a partnership in West Memphis, Arkansas. They authorized several real estate agents, including the firm of Westbrook & Collins of West Memphis, Arkansas, to sell the warehouse and properties which they had used in the compress business. In 1947, petitioner transferred the property to Walter May, president of the Farm Bureau of Critten-den County, Arkansas, for $175,000. In 1948, Westbrook & Collins brought suit in the United States District Court in one of the districts of the State of Arkansas for recovery of commission in the amount of $12,000 arising out of the sale of the property. The petitioner and K. H. Francis compromised the suit in 1948 by payment of $5,000, the payment in issue here, without acknowledging liability. It seems perfectly clear from the evidence that the sale of the compress and warehouse property which the partnership of petitioner and Francis made to May was not attributable to any efforts made by Westbrook & Collins, real estate agents. The $5,000 which petitioner and his partner Francis paid to Westbrook & Collins in compromise of the suit was paid, not as an acknowledgment of liability for the commission claimed by Westbrook & Collins, but rather for the purpose of avoiding expensive litigation. Such was the testimony at the hearing and we have so found in our Findings of Fact. Under such circumstances, we think the instant case falls within the ambit of Carl W. Braznell, 16 T. C. 503. In that case, the facts were briefly these: In 1945, taxpayer Braznell paid a final judgment entered in a Florida state court which assessed damages of $16,500 against him for breach of his obligation to pay a real estate sales commission to a registered Florida brokerage firm for services rendered by said firm pursuant to certain sales negotiations the taxpayer had with this firm in early 1944. Sale of the same properties was actually consummated through a different broker and to different parties in December 1944. Petitioner’s co-owners contributed $11,000 as their share of the judgment expenditure. On the foregoing facts, we held that the $5,500 representing taxpayer’s proportionate share of the judgment expenditure was an ordinary and necessary expense paid during the taxable year for the management, conservation, or maintenance of property held for the production of income under section 23 (a) (2) of the Code.- It seems to us that the Braznell case, supra, is controlling here and we decide the issue in favor of petitioner. Decision will be entered imder Bule 50.