OPINION. Ahundell, Judge: Petitioners sold income-producing real property in 1947 by warranty deed and realized on the sale a capital gain which was duly returned. In 1948 it was discovered that one of the buildings sold encroached on the property of a third person. The purchasers were forced to expend $3,331.50 to relocate the building. Petitioners thereafter in 1949 reimbursed the purchasers in the full amount of their outlay and were thereupon released from any further liability for breach of the covenants of title in the warranty deed. Petitioners contend that the aggregate of $4,281.50 was deductible in full in 1949 either as an ordinary loss under section 23 (e) (2)[1] or as a nonbusiness expense under section 23 (a) (2).[2] The respondent contends that the expenditures in 1949 were an out' growth of the sale of the property on which a capital gain had been reported in 1947 and that Arrowsmith v. Commissioner, 344 U. S. 6, requires that the expenditures incident to the warranty be given the same capital gain or loss treatment. We are constrained to agree with the respondent. The adjustment under the warranty was a part and parcel of the sale of the property. Losses under section 23 (e) (2) are deductible if incurred in a transaction entered into for profit and that transaction was completed with the sale of the property. The execution of the covenants of title considered alone did not constitute a transaction entered into for profit. Petitioners argue in the alternative that the payments are fully deductible as nonbusiness expenses paid or incurred for the production or collection of income or for the management, conservation, or maintenance of .property held for the collection of income. In support of that contention, they cite Carl W. Braznell, 16 T. C. 503, and Samuel G. Swaim, 20 T. C. 1022. We think that both these cases are inapplicable to the situation in the case at bar, the liability in the BrazneTl case having arisen from failure to sell a capital asset and the liability in the Swaim case having been found specifically not to have arisen from the sale of a capital asset. Here, the liability arose from the transaction wherein the realty was sold. The payments in question are deductible only as limited by section 117. Decision will be entered under Rule 50. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions : (e) Losses by Individuals. — In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise— ******* (2) if incurred in any transaction entered into for profit, though not connected with the trade or business . (a) Expenses.— (2) Non-trade or non-business expenses. — In the case of an individual, all- the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income..