Lawrence J. Pierce and Isabel C. Pierce, Husband and Wife v. Commissioner.
Pierce v. Commissioner
Docket No. 55623.
United States Tax Court
T.C. Memo 1955-241; 1955 Tax Ct. Memo LEXIS 87; 14 T.C.M. (CCH) 964; T.C.M. (RIA) 55241; August 31, 1955
Warren A. Doolittle, Esq., Colman Building, Seattle, Wash., for the petitioners. John O. Durkan, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The respondent determined a deficiency in income tax of petitioners in the amount of $1,522.84 for the year 1950. The issue is whether the petitioners, who realized long-term capital gains on sales of stock in 1946 and refunded certain amounts to the purchaser in 1950 as an adjustment of the selling price pursuant to a sales agreement, should treat the amounts refunded as long-term capital losses or as ordinary losses. [Findings of Fact] All of the facts were stipulated and we adopt the stipulation as our findings *88 of fact. For the purposes of this opinion, the following summary will suffice: The petitioners, husband and wife, are residents of Seattle, Washington. They filed a joint return on the cash basis with the then collector of internal revenue for the District of Washington. On May 1, 1946, petitioners and others sold all of the common stock of The J. M. Colman Company at $100 per share to Walter L. Wyckoff. The stock sale agreement included the following provisions: "10. Inasmuch as the purchase price of said common stock has been arrived at on the assumption that all income and excess profits taxes shown on any returns heretofore filed by the corporation are true and correct, the Stockholders, in the event of the exercise of this option by the Purchaser, hereby agree that they will indemnify the Purchaser against any future assessments of any additional income taxes or excess profits taxes with respect to any period covered by any such return heretofore filed by the corporation. In the event that any such assessment should be made by the government of the United States, or any of its agents, the Stockholders shall have the right to contest the liability of the corporation for such *89 additional tax, or in the alternative to determine whether the corporation should acquiesce in the assessment of the additional tax or compromise the matter with the government, and the indemnity hereby given to the Purchaser shall be limited to the amount ultimately paid to the government by the corporation on account of such assessment, plus any necessary costs and expenses incurred in defending against such additional assessment." Each of the petitioners realized a gain on the sale of their shares and reported 50 per cent thereof as taxable in their joint return for the calendar year 1946. In November 1947, the Commissioner of Internal Revenue notified the J. M. Colman Company that he proposed to assert against it certain income tax deficiencies for the years 1944 and 1945. In May of 1950 the Commissioner and the company entered into an agreement settling the proposed deficiencies on the basis that there was a deficiency for the year 1944 in the amount of $12,158.24 and that there was no deficiency for the year 1945. Thereafter, during the year 1950, the company paid the amount of the deficiency, plus interest, and during 1950 petitioners and the other former stockholders paid *90 Walter L. Wyckoff this amount plus the amount of certain attorney's and accountant's fees and other expenses incurred in settling the proposed deficiencies. The total amount paid by all of the former stockholders was $26,451.60, and the portion thereof paid by Lawrence J. Pierce was $1,439.54 and by Isabel C. Pierce, $3,958.75. On their joint return for 1950 an itemized miscellaneous deduction of $5,398.29 was claimed by petitioners and was identified as "Indemnity Payment to J. M. Colman Company." The respondent determined that the petitioners were not entitled to deduct as an ordinary loss the indemnity payments totalling $5,398.29 made by them during 1950, and that these payments were deductible only to the extent of 50 per centum, or $2,699.15, as a long-term capital loss. The petitioners contend that a capital loss can arise only when there has been a sale or exchange of a capital asset, that there was no such sale or exchange in 1950 when the indemnity payments were made, and that they are deductible in their entirety as a loss on a transaction entered into for profit under Section 23(e)(2) of the Internal Revenue Code of 1939. [Opinion] In our judgment petitioners' *91 contentions are foreclosed by Arrowsmith v. Commissioner, 344 U.S. 6; Duveen Brothers, Inc., 17 T.C. 124, affirmed per curiam, 197 Fed. (2d) 118 (C.A. 2); and Estate of James M. Shannonhouse, 21 T.C. 422. In accord with those decisions, the amounts refunded to the purchaser in 1950 must be regarded as an adjustment of the sales price and are therefore to be treated as long-term capital losses. Petitioners' attempt to distinguish the cited cases, particularly the Arrowsmith case, is unpersuasive. The same result must be reached here. Decision will be entered for the respondent.