**The L. B. FOSTER COMPANY,**
**Appellant,**

v.

**UNITED STATES of America.**
**No. 12187.**

United States Court of Appeals
Third Circuit.

Argued June 6, 1957.

Decided Sept. 30, 1957.

Julian Ruslander, Pittsburgh, Pa. (Ruslander, Ruslander & Lieber, Pittsburgh, Pa., on the brief), for appellant.

James P. Turner, Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Ellis N. Slack, Hilbert P. Zarky, Helen A. Buckley, Attys., Dept. of Justice, Washington, D. C., D. Malcolm Anderson, Pittsburgh, Pa., U. S. Atty., Thomas J. Shannon, Asst. U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

Is a payment in compromise settlement of the federal estate tax deductible as an "ordinary and necessary expense" under Sec. 23(a) (1) (A) of the Internal Revenue Code of 1939?[1]

That issue is presented by this appeal from the judgment of the District Court for the Western District of Pennsylvania in favor of the defendant.

The undisputed facts may be summarized as follows:

The L. B. Foster Company ("taxpayer") is a corporation organized under the laws of Pennsylvania. Its business is buying, selling, renting and dealing in rails and other railroad equipment, steel piling, pipe and allied materials.

In 1944, and prior thereto, all of taxpayer's capital stock was owned or controlled in equal shares by four brothers, L. B. Foster, Sydney A. Foster, Reuben A. Foster and Byron L. Foster.

In 1937 the four brothers entered into an agreement which provided that the taxpayer was to carry life insurance on their lives; the taxpayer was to pay the premiums and be the beneficiary under

---

[1]. § 23(a) of the Internal Revenue Code of 1939 (as amended by § 121(a), Revenue Code of 1942) provides as follows:

"Deductions from gross income. In computing net income there shall be allowed as deductions:

"(a) Expenses.

"(1) Trade or business expenses.

"(A) In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *." 26 U.S.C. § 23 (1952).

the policies. Upon the death of any of the brothers his estate was obligated to sell, and the taxpayer was obligated to buy, his stock at a price determined by a formula which excluded the insurance proceeds as an asset of the taxpayer. The amount of the insurance, however, was to represent the minimum amount to be paid for the stock; it specifically provided that the insurance proceeds should not enter into the calculations of the price to be paid for the stock.

Sydney A. Foster died on December 24, 1944. Upon his death the taxpayer received the proceeds of the insurance on his life, taken out pursuant to the agreement, in the amount of $344,422.00.

On audit of the estate tax return of Sydney A. Foster (November, 1946), the Commissioner of Internal Revenue proposed to include the life insurance proceeds received by the taxpayer in the gross estate of decedent and to collect an estate tax thereon. The Commissioner also proposed an increase in the value of decedent's stock in taxpayer by boosting the value of its good will, from the $125,000 provided by the formula contained in the above stockholders agreement, to approximately $235,000.

The executors of the estate of decedent immediately notified taxpayer of the Commissioner's position and advised it that under the applicable provisions of the Internal Revenue Code, in particular § 826(c),[2] a decision that the life insurance proceeds were a part of the gross taxable estate of decedent would give rise to a secondary liability of taxpayer for the amount of federal estate tax which would be attributable to such proceeds; further that the taxpayer was duty bound to aid the estate in sustaining the amount reported as the value of

its stock as of the date of decedent's death.

Because of the asserted contingent liability, taxpayer entered into an agreement with the executors of the estate to contest the Commissioner's proposed deficiency assessment in federal estate tax. Accordingly, its attorney, co-operating with the executors, filed a protest with the Commissioner and, after negotiations, reached an agreement by which the Commissioner withdrew his contention that the insurance proceeds were to be included in decedent's estate and taxpayer agreed to add such proceeds to its assets for purposes of evaluating decedent's stock.

As a result of that agreement, reached in compromise and settlement, the proposed deficiency in federal estate tax was reduced from approximately $93,000 to approximately $15,500. Earlier it was orally agreed between taxpayer and the executors of decedent's estate that if taxpayer was relieved of its contingent liability for such tax and the expense of contesting such liability, it would contribute toward the payment of any deficiency finally paid as the result of any settlement with the Commissioner.

The amount of taxpayer's contribution was later fixed at $12,758.80. Subsequently, pursuant to a petition filed by the executors of the estate with the Surrogate's Court of New York County, New York, which had probate jurisdiction of decedent's estate, praying an apportionment of the estate taxes, that Court entered a decree on January 4, 1949, directing that taxpayer pay $12,758.80 to decedent's estate and the taxpayer complied.

In its 1949 income tax return taxpayer claimed a deduction of the $12,-

---

2.  § 826(c) of the Internal Revenue Code of 1939 (as amended by §§ 404(b), 414(b), Revenue Act of 1942), provides as follows:

"Liability of life insurance beneficiaries. Unless the decedent directs otherwise in his will, if any part of the gross estate upon which tax has been paid consists of proceeds of policies of insurance upon the life of the decedent receivable by a

beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of such policies bear to the sum of the net estate and the amount of the exemption allowed in computing the net estate, determined under section 935(c). * * *" 26 U.S.C. § 826 (1952).

# 392

758.80 payment as an "ordinary and necessary expense". The deduction was disallowed by the Commissioner and the resulting deficiency in income tax was paid by taxpayer. The Commissioner having taken no action upon the taxpayer's claim for refund, it sued to recover in the District Court. This appeal followed judgment in favor of the United States.

The sum of the taxpayer's position is:

It does not dispute that it expended the $12,758.80 in part payment of federal estate taxes in accordance with its agreement with the executors and in compliance with the Decree of the Surrogate's Court of New York County, but it asserts that the payment was made "to buy itself off from the time, trouble and expense of protracted litigation" [3] and thus it came within the category of an "ordinary and necessary expense" under the provisions of § 23(a) (1) (A) of the Internal Revenue Code of 1939.

The Government's position may be stated as follows:

Section 23(c) (1) (D) of the Internal Revenue Code of 1939 [4] expressly provides that federal estate taxes are not deductible as an "ordinary and necessary expense"; here the taxpayer paid a federal estate tax; the compromise payment which it made in return for relief from a contingent estate tax liability cannot be deducted where the contingent liability, had it been paid in full, would not have been a deductible expense; irrespective of the foregoing, the payment was neither "ordinary" nor "necessary" to the conduct of the taxpayer's business, which was that of buying and selling rails, etc. and thus did not meet the "ordinary and necessary" requirement for deductibility set up by § 23(a) (1) (A).

For the proposition that the deduction was an "ordinary and necessary" business expense taxpayer relies on Drucker v. Commissioner of Internal Revenue, 11 T.C.M. 680 (1952); Swaim v. Commissioner of Internal Revenue, 1953, 20 T.C. 1022; Standard Galvanizing Company v. Commissioner of Internal Revenue, 7 Cir., 1953, 202 F.2d 736; C. Ludwig Baumann & Co. v. Marcelle, 2 Cir., 1953, 203 F.2d 459; Commissioner of Internal Revenue v. Pacific Mills, 1 Cir., 1953, 207 F.2d 177; Commissioner of Internal Revenue v. Macy, 2 Cir., 1954, 215 F.2d 875.

The cases cited are inapposite. In each of them the taxpayer made expenditures in settlement of claims which, had they been paid in full, would have been deductible under the provisions of § 23. For example, in the Drucker and Pacific Mills cases, the taxpayer settled suits brought by the Government for overcharges in excess of ceiling prices fixed by the Office of Price Administration; in the Baumann case there was a compromise settlement by a lessee of an additional rent claim; in Standard Galvanizing legal fees were involved; in Macy, testamentary trustees made a compromise payment of a surcharge claim and in the Swaim case, taxpayer made a payment in compromise of a real estate commission claim.

Taxpayer's contention in the instant case is novel in its concept in that, conceding that it would not have been permitted a deduction had it been compelled to pay the estate tax in full by virtue of an asserted contingent liability under § 826(c), it nevertheless, was entitled to a deduction for a payment made in compromise. The taxpayer's contention in substance is that the part is greater than the whole, to wit,—had it paid the whole of the estate tax it would not have been permitted a deduction under the provisions of § 23(c) (1) (D), but a part of that whole, paid in compromise, is deductible.

3. Appellant's Brief and Appendix, p. 9.

4. § 23(c) of the Internal Revenue Code of 1939 (as amended by § 202(a), Revenue Act of 1942) provides as follows:

"(c) Taxes generally.

"(1) Allowance in general. Taxes paid or accrued within the taxable year, except—* * *

"(D) estate, inheritance, legacy, succession, and gift taxes." 26 U.S.C. § 23 (1952).

■ It is obvious that we cannot subscribe to that ingenious proposition. Were we to do so we would enable the taxpayer to recoup in substantial measure the federal estate tax payment and thus defeat the specific legislative prohibition against deductibility of federal estate taxes. The taxpayer cannot accomplish by indirection that which it is directly prohibited from doing by legislative provision.

■ In the instant case, irrespective of its motivations in doing so, the taxpayer agreed with the executors of decedent's estate to make the $12,758.80 payment in settlement of a federal estate tax liability as to which it had been asserted there existed a contingent liability against it for the whole of the tax— approximately $93,000—which had been asserted by the Commissioner. That it agreed to, and did pay, estate tax, is clearly established by the executor's petition to the Surrogate's Court of New York County, New York, and the latter's Decree. The petition recited taxpayer's agreement to contribute to the payment of estate taxes and the Decree ordered taxpayer "to pay to the said Executors * * * [its] respective apportioned share of the *federal and state estate taxes* paid by the said Executors * * *" (emphasis supplied).

It is immaterial whether there was any basis for the Commissioner's initial view that the insurance proceeds received by taxpayer were includible in the decedent's estate or whether there existed a contingent liability on taxpayer's part as a result.

■ It is settled that a payment in compromise of a suit to collect taxes will be treated as taxes even though the taxpayer is not liable. Dickinson v. United States, 2 Cir., 1933, 62 F.2d 1069. In Rippey v. Commissioner of Internal Revenue, 1956, 25 T.C. 916, it was held that a payment of federal estate taxes in compromise is not deductible. After referring to § 23(c) (1) (D) and Regulations 111 § 29.33(c)-1-A, which provide in part: "Estate, inheritance, legacy, succession, and gift taxes and Federal income taxes are not deductible from gross income", the Court stated, at page 919:

"The statute and regulations are specific. They leave no room for construction. If the payment * * which petitioner took as a deduction was a payment of Federal estate taxes it cannot be used as a deduction from petitioner's gross income." [5]

To the same effect see Beck v. Commissioner of Internal Revenue, 1950, 15 T.C. 642, affirmed 2 Cir., 1952, 194 F.2d 537, certiorari denied 344 U.S. 821, 73 S.Ct. 18, 97 L.Ed. 639.[6]

---

5. In the Rippey case the taxpayer was the income beneficiary under two testamentary trusts created by the will of the deceased. The Commissioner determined a federal estate tax deficiency of $1,287,973.00 against the estate. The executors thereupon notified the taxpayer that if the asserted deficiency was sustained, the payment would consume the assets of the estate to such an extent that one trust of which she was a beneficiary would be completely exhausted while the other such trust would be invaded and consumed to the extent of approximately $1,052,973.75. A contest ensued and the Commissioner eventually agreed that the total deficiency could be compromised and settled upon payment of $28,000 plus interest thereon of $6,000. The executors advised taxpayer of this offer but indicated that they felt under an obliga-

tion to the other beneficiaries named in the will to contest even the proposed deficiency. Thereupon, taxpayer agreed with the executors that if they would pay the compromised assessment she would reimburse the estate for the amount expended. The sole question was whether the payment by taxpayer was deductible as an ordinary and necessary expense paid or incurred for the conservation or maintenance of property held for the production of income.

6. In the Beck case, pursuant to a compromise agreement made in a will contest, the trustee named in the will paid the federal estate taxes attributable to the share of the estate distributed to taxpayer and her co-heirs and was repaid for the amounts so expended by withholding designated sums from royalty pay-

There remains only to be said that we are in complete accord with the principles stated in the cases cited and their holding that a payment in compromise of federal estate taxes is not deductible. That being so, it is unnecessary to discuss the Government's contention that the payment made by the taxpayer was neither "ordinary" nor "necessary" to the conduct of its business and thus did not meet the "ordinary and necessary" requirement for deductibility provided by § 23(a) (1) (A).

For the reasons stated the judgment of the District Court will be affirmed.

ments payable to them. In computing her taxable income taxpayer sought to deduct the amounts so withheld as an ordinary and necessary expense for the production or collection of income under §

23(a) (2). The Tax Court disallowed the claimed deduction stating at page 664: "Such a deduction for Federal estate taxes has never been allowed."