**REES BLOW PIPE MANUFACTURING COMPANY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**REES BLOW PIPE MANUFACTURING COMPANY, Respondent.**

No. 19333.

United States Court of Appeals
Ninth Circuit.

March 8, 1965.

Stephen H. Kaufmann, San Rafael, Cal., for petitioner and cross-respondent.

John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson David O. Walter, Jonathan S. Cohen, attys., Dept. of Justice, Washington, D. C., for respondent and cross-petitioner.

Before ORR, HAMLEY and JERTBERG, Circuit Judges.

PER CURIAM:

Rees Blow Pipe Manufacturing Company and the Commissioner of Internal Revenue both petition for review of a decision of the Tax Court of the United States, reported at 41 T.C. 598.

Rees Blow is in the business of manufacturing heating and air-conditioning equipment and incinerators and, insofar as the record indicates, is not in the business of buying, selling or exchanging real property.

In 1954 the company decided to expand its facilities. In a three-way transaction it acquired land in Berkeley, California from Stauffer Chemical Company in exchange for its shop premises in San Francisco, which was acquired by Sanfran Company. In its income tax return for 1954, Rees Blow treated the transaction as nontaxable. Upon the land so acquired Rees Blow erected its new shop building which has since been sold.

In 1955 Sanfran brought suit against Rees Blow in the courts of the State of California, to recover its out-of-pocket loss resulting from the wilful or negligent concealment of a certain defect which made the building unusable as a garage. Sanfran secured judgment for twenty thousand dollars damages, which was affirmed by the District Court of Appeal, First District. Sanfran Company

v. Rees Blow Pipe Mfg. Co., 168 C.A.2d 191; 335 P.2d 995. Damages in this amount were measured by the state court as being the difference between the value of the property by Rees Blow and the purchase price which Sanfran had paid for the property.

In its federal income tax return for 1959, Rees Blow claimed a deduction of $22,685.10 for payment of the judgment, litigation costs and interest resulting from the Sanfran lawsuit. During 1960, the company paid legal fees of $3,712.43 in connection with the defense of the described suit. In its income tax return for 1960, Rees Blow deducted this amount.

The Commissioner of Internal Revenue disallowed the deduction taken in 1959 to the extent of $17,780.93, and the deduction of $3,712.43 taken in 1960 because, as to each, " * * * it has not been established that the amount * * * constitutes an ordinary and necessary business expense or an allowable loss deduction. Rees Blow petitioned the Tax Court to redetermine the deficiency. In answering that petition the Commissioner amplified the grounds for his deficiency determination, stating that each of the amounts sought to be deducted constitutes a part of the taxpayer's costs in acquiring the Berkeley property.

In the proceedings before the Tax Court Rees Blow took the position that the $17,780.93 is allowable in 1959 either as a loss under section 165, Internal Revenue Code of 1954 (Code), or, in the alternative, as an ordinary and necessary expense under section 162 of the Code. The company also contended that the $3,712.43 is allowable as an ordinary and necessary expense under section 162, or in the alternative, as a loss under section 165. The Commissioner, consistent with his answer to the petition, argued that both amounts are capital expenditures for which no deductions shall be allowed under section 263 of the Code.

The Tax Court rejected both positions. It held that the amounts in question take on the character of the three-way

agreement under which Rees Blow acquired the Berkeley property and are therefore to be regarded as capital losses.

Rees Blow and the Commissioner renew their respective contentions in this court.

For the reasons stated in the decision of the Tax Court, we

Affirm.