JOHN E. TURCO, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

LOUIS B. SULLIVAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 1486–68, 1487–68.    Filed July 8, 1969.

*Donald G. Daiker*, for the petitioner.
*Richard D. Worsley*, for the respondent.

## OPINION

Petitioners argue that they undertook in 1965 to correct the septic tank problems on the Vallejo property sold by them in 1964 for the purpose of fostering the goodwill of the Highway Patrol; that the expenditures incurred were in furtherance of their business of leasing property; and that consequently they are entitled to deduct such amounts as ordinary and necessary business expenses under section

162, I.R.C. 1954.[1] Respondent contends that the expenditures incurred in 1965 were not ordinary and necessary expenses of petitioners' business, but were directly related to the sale of the Vallejo property in 1964 and that, under the rationale of *Arrowsmith* v. *Commissioner*, 344 U.S. 6 (1952), they must be accorded the same treatment for tax purposes as the gain reported on the sale of the property, i.e., as capital losses.

In *Arrowsmith* v. *Commissioner, supra*, the taxpayers were transferees of corporate assets received by them in a complete corporate liquidation in earlier years (1937–40). They had reported the gains received from these distributions as capital gains. About 4 years after the final corporate distribution the taxpayers, as transferees, were required to pay a judgment rendered against the corporation. The Supreme Court determined that under these circumstances it was proper to examine the earlier transactions in order properly to classify the character of the later loss for tax purposes and, since the payment of the judgment in the later year was integrally related to the earlier liquidating distributions, such payment in the later year took on the character of the earlier transactions and should be deducted as a capital loss rather than an ordinary loss.[2] See *Alvin B. Lowe*, 44 T.C. 363 (1965); *Rees Blow Pipe Manufacturing Co.*, 41 T.C. 598 (1964), affirmed per curiam 342 F. 2d 990 (C.A. 9, 1965); and *Estate of James M. Shannonhouse*, 21 T.C. 422 (1953). But see *William L. Mitchell*, 52 T.C. 170 (1969).

Here, the petitioners sold the Vallejo property to Grace Lerner in June 1964 and reported a long-term capital gain from the sale. When the difficulties with the septic tank system on the property arose some 2 months after the sale, the petitioners, in reply to a letter from the attorney for Grace Lerner notifying them of the difficulty, advised him that "we would take over the problem." Petitioners had previously been confronted with the septic system malfunction on the property in 1963 and had made efforts to correct it so the problem was a familiar and recurring one.

Petitioners insist on brief that no legal determination was ever made that they were obligated to make these repairs in 1965. We do

---

[1] Petitioners do not argue that the expenditures are deductible under sec. 212 of the Code.

[2] The Supreme Court stated in part as follows (pp. 8–9):

"It is contended, however, that this payment [of the judgment] which would have been a capital transaction in 1940 [the year of the final liquidating distribution] was transformed into an ordinary business transaction in 1944 because of the well-established principle that each taxable year is a separate unit for tax accounting purposes. * * * [Citations omitted.] But this principle is not breached by considering all the 1937–1944 liquidation transaction events in order properly to classify the nature of the 1944 loss for tax purposes. Such an examination is not an attempt to reopen and readjust the 1937 to 1940 tax returns, an action that would be inconsistent with the annual tax accounting principle."

not believe it was necessary. We think that the natural inference of their undertaking to make the necessary changes is that they recognized and assumed their legal responsibility under the sale of the Vallejo property to cure these defects that materialized so soon after the sale. At the trial counsel for petitioners acknowledge that had these expenditures been made at the time of the sale they would have been offset against the capital gain realized on the sale. See *Arrowsmith* v. *Commissioner, supra.* We do not believe petitioners' purpose in incurring these expenditures in 1965 was any different than it would have been had they been incurred at the time of the sale. Moreover, it appears in the evidence that Grace Lerner's legal position at all times was that the petitioners were fully liable and responsible for whatever problems arose from the sanitation sewage facilities. In any event, we think it makes no difference in this case in applying the *Arrowsmith* doctrine whether the expenditures were made voluntarily or under a legal obligation to make them. The relationship of the payments to the sale transaction here is what determines the character of the deduction. Whether the payments were made voluntarily or under legal obligation would, at most, be of some evidentiary value in determining the reason they were made.

The main thrust of petitioners' argument is that they expended the sum of $7,281.26 to maintain a "good working relationship" with the Highway Patrol and that consequently it was an ordinary and necessary expense in their business of owning and leasing buildings. This argument is simply not supported by the record. First, we have the testimony of the facilities officer of the Highway Patrol that leases were negotiable and were freely sold, in some instances a number of times. While the Highway Patrol wanted notice of transfer of the underlying property in order to know to whom rent was to be paid, it did not reserve the right of approval of the transfer. We cannot believe that a prior owner of property under lease to the Highway Patrol would be expected to continue maintenance of a property no longer his. In fact, the facilities officer stated that so far as the Highway Patrol was concerned, when the Vallejo property was sold the responsibilities immediately became those of the buyer, Grace Lerner. Finally, the facilities officer was asked whether petitioners' failure to make these corrections on the Vallejo property would in any way influence the Highway Patrol in considering future bids made by petitioners and he testified that "in my opinion it would not have affected their situation."

We are not convinced by the evidence that petitioners made these expenditures in 1965 to keep up their good relations with the Highway Patrol rather than in recognition of their obligations under the sale of the Vallejo property and as an integral part of that transaction.

Respondent's determination is presumptively correct and petitioners have the burden of proving that respondent erred. Respondent determined that the expenditures here involved were not allowable as ordinary deductions but were deductible as capital losses. Petitioners have failed to establish by the record in this case that these expenditures were ordinary and necessary business expenses of petitioners' business and that respondent erred in his determinations. Accordingly, respondent's determinations must be approved.

> *Decision will be entered for the respondent in docket No. 1486-68.*
>
> *Decision will be entered under Rule 50 in docket No. 1487-68.*