Moss, Judge,
delivered the opinion of the court:
Frederick William Matthiessen, a citizen of the State of Illinois, died February 11,1918, leaving a last will and testament by which he devised and bequeathed to his three children, F. W. Matthiessen, jr., Adele M. Blow, and plaintiff, Eda Matthiessen, as trustees, all of his estate, real and personal, and after making certain specific bequests said will provided that at the end of one year from the probation of the will the trustees should divide the estate into four equal parts to be delivered, transferred, and conveyed to each of the four children, including plaintiff, Eda Matthiessen. The three children aforesaid were named as executors of said will. The estate of the testator consisted of real estate, cash, municipal and corporate bonds, stocks, and promissory notes.
On March 13,1918, within one month from the date of the death, and before the probate of said will, by formal agreement between the trustees, executors, and the residuary legatees of the personal property, there was divided among the four legatees certain cash and bonds belonging to the estate; and thereafter the interest on said bonds was collected directly by said legatees. A receipt was executed by each of the residuary legatees for the property so delivered, which contained the provision, “ I hereby agree to promptly meet any assessment called for by the executors of the estate for estate liabilities.”
On the 8th day of February, 1919, the executors of said estate filed with the collector of internal revenue at Chicago, Illinois, an estate tax return showing a total estate tax due in the sum of $1,324,483.41, which was duly paid by the executors on August 5, 1919. Of this amount plaintiff contributed the sum of $273,945.85.
*578 On March 15,1920, plaintiff filed with the proper officer of the Government her income-tax return for the year 1919, showing a total income-tax liability of $76,638.35, which was duly paid in four equal quarterly installments. Thereafter, in September, 1921, plaintiff filed with the proper officer of the Government a claim for the refund of the amount so paid by her, $76,638.35, as her income tax, on the ground that she was entitled to deduct from her gross income for the year 1919 the amount contributed by her to the payment of the estate tax. Said claim for refund was rejected to the extent of the amount sued for herein, $16,138.68, on the ground that the income upon which this amount of plaintiff’s tax was computed was income from property which had been transferred and delivered to plaintiff prior to 1919, under the agreement hereinabove mentioned.
The sole 'question to be determined, stated in simple terms, is whether or not under the revenue act of 1918 a taxpayer may deduct from income derived by him from an estate in process of administration a portion of the Federal estate tax paid by the executor, but contributed by the taxpayer in pursuance of the terms of an agreement between the executor and the taxpayer.
The estate tax is not a tax against the property of a decedent. It is an excise tax “ imposed upon the transfer of the net estate of every decedent dying after the passage of this act * * See section 401 of the revenue act of 1918. (40 Stat. 1096.) It is provided by section 407 of said act (40 Stat. 1100), “ That the executor shall pay the tax to the collector or deputy collector * * (Italics ours.) While the tax constitutes a lien against the whole property, it is due and payable by the executor out of any available funds, or, if there be none, by converting other property into money for that purpose. It is imposed upon the estate and the executor. United States v. Woodward, 256 U. S. 632. This case is also authority for the now well-established principle that the estate tax is a proper deduction from the gross income of “ the estate in process of administration.”
In this case the estate tax was actually deducted by the executors. Inasmuch as the estate tax exceeded the amount *579 computed as income tax for the year in question, no income tax was paid by the executors. The will provided that the executors should take care of the property, collect the rents and other income, and at the end of one year from the probation of the will they were directed to divide the estate into four equal parts and to deliver same to the four beneficiaries. Section 408 of the act of 1918, 40 Stat. 1100, provide'd that the tax should be paid out of the estate before its distribution. The distribution to the beneficiaries herein-above mentioned was a premature distribution of a substantial part of the income-producing portion of the estate, and was in direct conflict with the provisions of the will and contrary to the intent and purpose of the estate-tax laws. The tax is not due until one year after the death of the decedent, section 406, 40 Stat. 1099, and if the parties involved in this controversy had complied with the instructions of the will, and had pursued the legal process of administration, this case would never have arisen. It is incorrect to say that plaintiff paid any part of the estate tax; she merely returned to the executors her part of the estate tax, which consisted of assets of the estate, subject to the payment of the estate tax from the moment of decedent’s death. So far as the rights of the Government were concerned it was as if the property had never left the hands of the executors. Furthermore, plaintiff received the prematurely distributed assets, charged with the knowledge that she would be required to restore at least a part of it. This may be inferred from the language of the receipt itself and from the further circumstance that in her capacity as joint trustee and executor, as well as beneficiary, she is presumed to have known that the financial affairs of the estate would require a return.
It is necessary for a taxpayer claiming a deduction from income in ascertaining his tax liability to bring himself within the operation of a statute authorizing such deduction either in express terms or by the use of language which clearly imports an intention of Congress to provide for same.
Plaintiff’s contention is chiefly based upon section 214 (a), subparagraph 3, of the revenue act of 1918. Subparagraph *580 3 comes under the heading “ deductions allowed,” and so far as applicable reads as follows: “ Taxes paid or accrued within the taxable year imposed (a) by the authority of the United States * * Clearly this provision has no .application to the question involved here. Under this provision the deduction could be claimed only by the taxpayer against whom the tax was imposed. It has been seen that the estate tax is imposed upon the estate and the executor. It is not imposed against a distributee, nor against a distributee’s share. If there was any liability upon this plaintiff to pay the estate tax, or to contribute to its payment, it was not a liability imposed “ by the authority of the United, States,” but was a purely personal obligation resulting from the contract between plaintiff and the executors.
Plaintiff further contends that her claim is sustained by the provisions of section 703 of the recent revenue act of 1928, effective as of May 29, 1928.[1]
*581 It is important to notice the declared purpose of Congress in enacting section 703, as set forth in the report of the Committee on Ways and Means. It reads as follows:
“Section 214 (a) (3) of the revenue act of 1926 and corresponding provisions of prior revenue acts permit a deduction from gross income in computing the net income subject to tax for taxes paid or accrued during the taxable year. Obviously this provision applies only to taxes imposed upon the taxpayer and does not permit the deduction of taxes paid by a volunteer. Extraordinary difficulty has been encountered in applying this deduction in the case of estate, inheritance, legacy, and succession taxes imposed by a State, Territory, or a foreign country. These taxes are usually paid by the executor of the estate. Under the regulations of the department the deduction was allowed the estate in computing its income tax if the tax was considered as an estate tax and was allowed as a deduction to-the beneficiary if the tax was considered to be an inheritance, legacy, or succession tax. As a result of recent Supreme Court decisions (Keith v. Johnson and United States v. Mitchell), redeterminations of the deductions claimed by the estate by the beneficiary will be necessary unless the-situation is remedied by retroactive legislation. Consequently your committee deems it advisable to insert section 703 in the bill, the general effect of which will be to ratify what the taxpayers have done and to prescribe specific rules for future action.” (Our italics.)
In the case of Keith v. Johnson, 271 U. S. 1, referred to in the above report, the administratrix paid to the State-of New York the State “ transfer tax.” When she made the Federal income-tax return she did not deduct the transfer tax paid, but followed the Treasury regulations then in force and paid the income tax shown in the return. In an action later brought, in which she claimed the right to-deduct said State tax, the court held that the transfer tax paid to the State was deductible from the income of the-estate in ascertaining the taxable income received by her as administratrix in that year. In the case of United States v. Mitchell, 271 U. S. 9, referred to in said report, it was-held that the inheritance tax imposed by the State of Texas and paid by the executors was deductible in computing the Federal income tax of the estate. It was on account of the decisions in these two cases, which announced a ruling-contrary to the existing regulations, that Congress deemed *582 it advisable to enact section 703, the general effect of which was, as stated in the report, “ to ratify what the taxpayers have done and to prescribe specific rules for future action.” The rule declared in these two cases is now a well-established principle of the estate tax law.
The total amount of income from the estate of decedent, including the income from real estate and the personal estate remaining in the hands of the executors, or delivered to the beneficiaries, or passing directly to them, was $828,242.85. The estate paid no income tax by reason of the deduction of the estate -tax from the gross income. If plaintiff’s theory is correct, and the beneficiaries should be entitled to deduct from gross income the amount of said estate tax, it would inevitably result in a loss to the Government of a substantial amount of revenue to which it is clearly entitled under the law.
We find no authority in law for the deduction claimed by plaintiff, and the petition will be dismissed.
SiNNOtt, Judge; GREEN, Judge; Geaham, Judge; and Booth, Ohief Justice, concur.

 (a) In determining the net income of an heir, devisee, legatee, distributee, or beneficiary (hereinafter in this section referred to as “ beneficiary ”) or of an estate for any taxable year, under the revenue act of 1926 or any prior revenue act, the amount of estate, inheritance, legacy, or succession taxes paid or accrued within such taxable year shall be allowed as a deduction as follows:
(1) If the deduction has been claimed by the estate, but not by the beneficiary, it shall be allowed to the estate;
(2) If the deduction has been claimed by the beneficiary, but not by the estate, it shall be allowed to the beneficiary;
(3) If the deduction has been claimed by the estate and also by the beneficiary, it shall be allowed to the estate (and not to the beneficiary) if the tax was actually paid by the legal representative of the estate to the taxing authorities of the jurisdiction imposing the tax; and it shall be allowed to the beneficiary (and not to the estate) if the tax was actually paid by the beneficiary to such taxing authorities;
(4) If the deduction has not been claimed by the estate nor by the beneficiary it shall be allowed as a deduction only to the person (either the estate or the beneficiary) by whom the tax was paid to such taxing authorities, and only if a claim for refund or credit is filed within the period of limitation properly applicable thereto;
(5) Notwithstanding the provisions of paragraphs (1), (2), (3), and (4) of this subsection, if the claim of the deduction by the estate is barred by the statute of limitations, but such claim by the beneficiary is not so barred, the deduction shall be allowed to the beneficiary, and if such claim by the beneficiary is barred by the statute of limitations, but such claim by the estate is not so barrfed, the deduction shall be allowed to the estate.
(b) As used in this section, the term “ claimed ” means claimed—
(1) In the return; or
(2) In a claim in abatement filed in respect of an assessment made on or before June 2, 1924.
(c) This section shall not affect any case in which a decision of the Board of Tax Appeals or any court has been rendered prior to the enactment of this act, whether or not such decision has become final.