HELEN C. RIPPEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51720. Filed January 31, 1956.

*E. R. Campbell, Esq.*, for the petitioner.
*Frank C. Conley, Esq.*, for the respondent.

### OPINION.

MULRONEY, *Judge:* The respondent determined a deficiency in income tax of petitioner for the taxable year 1947 in the sum of $28,833.12.

Petitioner, a resident of Denver, Colorado, filed her individual income tax return for the taxable year 1947 with the collector of internal revenue for the district of Colorado. In this return she claimed, among other deductions from gross income, an amount of $34,070.63, which the return described as "(payment made to meet estate tax deficiency and thus protect taxpayer's income from Trust)." Disallowance by the Commissioner of this deduction led to the determination of the deficiency.

The facts are all stipulated and are found accordingly.

During the year 1947, the petitioner was a life income beneficiary under each of two testamentary trusts created under articles IV and VI, respectively, of the will of Agnes Reid Tammen, deceased. The corpus of the article IV trust consists of stock of the Post Printing and Publishing Company, a Colorado corporation, owner and publisher of the newspaper, the Denver Post, and of stock of the Continental Investment Company, also a Colorado corporation and an affiliate of the Post Printing and Publishing Company. The trust was to exist during the lives of petitioner and of four other individuals and until 21 years after the death of the last surviving one of them. Petitioner was initially entitled to 7/14ths of the income from the trust, and, in addition, she was bequeathed the portion of the income of each of the other beneficiaries thereof who might predecease the testatrix and trustor. She was also bequeathed the income otherwise payable to any other beneficiary who might predecease her during the existence of the trust. One of the named beneficiaries predeceased the testatrix, so petitioner was entitled to 9/14ths of the life income from the article IV trust. Petitioner is also considerably younger than each of the other beneficiaries of the trust.

By article VI of the will, an additional and similar trust was created, the corpus of which consists principally of other shares of corporate stock and some minor miscellaneous property, all constituting the remainder of the estate after the payment of certain legacies specified in article V of the will. This trust provides for six monthly payments ranging from $50 to $100 a month, to be made to six specified beneficiaries, with the remainder of such income payable to petitioner. Upon the death of each of the other six beneficiaries, the petitioner succeeds to their respective income interest.

The Commissioner determined a Federal estate tax deficiency in the amount of $1,287,973.75 against the estate of Agnes Reid Tammen, which the executors resisted by a petition filed in the Tax Court of the United States (Docket No. 6476). Paragraphs 5 and 6 of the stipulation provide as follows:

5. The Executors of said Estate, the Petitioners in said case Docket No. 6476, Tax Court of the United States, advised the said Petitioner herein, Helen Crabbs Rippey, that if the $1,287,973.75 asserted deficiency (first asserted to be $1,282,-

446.99) was sustained, the payment thereof with interest would invade and consume the assets of the estate to the extent that all of the corpus of the trust created by Article VI, of which said Helen Crabbs Rippey was an income beneficiary, would be completely exhausted, and that the principal or corpus of the trust created by Article IV of the Will of which said Helen Crabbs Rippey, Petitioner herein, was also an income beneficiary, would be invaded and consumed to the extent of approximately $1,052,973.75. * * *

6. The Executors of said Estate, Petitioners in said Docket No. 6476, advised Petitioner, Helen Crabbs Rippey, that it was their duty to oppose the asserted deficiencies in the Federal estate tax in their entirety, in order that they might have assets sufficient to pay all of the devises and bequests in the Will of the said Agnes Reid Tammen, Deceased. However, they further advised Petitioner herein that as a result of conferences with the Commissioners [sic] of Internal Revenue and his representatives, the total deficiency could be compromised and settled upon a payment by the Executors of $28,000 plus interest thereon estimated to be approximately $6,000, but that they, the said Executors, felt under an obligation to the other beneficiaries in said Will to contest even that reduced proposed deficiency. Thereupon, Petitioner herein agreed with the Executors that if they would pay on behalf of said Estate the deficiency in the amount of $28,000 tax and interest estimated to be approximately $6,000, she would reimburse the Estate in the amount so paid for such purpose.

Thereafter, the case, Docket No. 6476, was settled on a stipulated deficiency of $28,000, plus $6,070.63 interest. Notice and demand for the above tax and interest issued against the estate, and on May 12, 1947, the executors paid the agreed deficiency, with interest, by check and, on the same day, the petitioner reimbursed the executors for said payment by giving them her check for $34,070.63 drawn to the order of the Denver National Bank for the account of Agnes Reid Tammen Estate.

The position of the respondent is that the payment by petitioner was the payment of Federal estate taxes in the amount of $28,000, plus accrued interest thereon in the amount of $6,070.63, assessed against the estate of Agnes Reid Tammen, deceased, of which estate petitioner was a beneficiary. He contends that such payment is specifically prohibited as a deduction from petitioner's gross income under the provisions of section 23 (c) (1) (D) of the Internal Revenue Code, which section states that there shall be allowed as deductions:

(c) TAXES GENERALLY.—

(1) ALLOWANCE IN GENERAL.—Taxes paid or accrued within the taxable year, except—

 *  *  *  *  *  *  *

(D) estate, inheritance, legacy, succession, and gift taxes;

The respondent also relies upon Regulations 111, section 29.23 (c)–1 (a) which provides, in part: "Estate, inheritance, legacy, succession, and gift taxes and Federal income taxes are not deductible from gross income."

The statute and regulations are specific. They leave no room for construction. If the payment of $34,070.63, which petitioner took as a deduction, was a payment of Federal estate taxes it cannot be used as a deduction from petitioner's gross income.

The argument advanced by petitioner in her brief is that this was not a payment of Federal estate tax and that respondent's contention that it was such a payment "is directly contrary to the facts set forth in the Stipulation of Facts filed herein, and particularly paragraphs 5 and 6 thereof." Petitioner argues, in effect, that the stipulation shows the petitioner agreed with the executors that if they would pay the tax she would reimburse the estate; that she entered into this contract to induce the executors to pay the tax out of the estate assets; that she did this to save the property, of which she was the principal income beneficiary, from the threat of invasion; and that therefore the amount of the reimbursement was deductible by her under section 23 (a) (2) of the 1939 Internal Revenue Code as an "ordinary and necessary [expense] paid or incurred during the taxable year * * * for the * * * conservation, or maintenance of property held for the production of income." We can agree with petitioner's statement that the stipulation shows all of these facts. But the conclusion that her payment was one of Federal estate taxes, and interest thereon, is inescapable.

In *Helen B. Sulzberger*, 33 B. T. A. 1093, at a time when the statute provided the estate taxes "shall be allowed as a deduction only to the estate," we held that estate taxes paid by the beneficiaries after administration of the estate had been closed and the executors discharged were not allowable as deductions from the income of the beneficiaries.

A case that is almost identical with the instant case is *Eda Matthiessen* v. *United States*, 67 Ct. Cl. 571. The opinion in the cited case states:

The sole question to be determined, stated in simple terms, is whether or not under the revenue act of 1918 a taxpayer may deduct from income derived by him from an estate in process of administration a portion of the Federal estate tax paid by the executor, but contributed by the taxpayer in pursuance of the terms of an agreement between the executor and the taxpayer.

The Court held that no deduction from income would be allowed to the taxpayer for the payment made by him to the executor to be used in payment of the Federal estate tax.

In *Marion A. Burt Beck*, 15 T. C. 642, 664, affd. 194 F. 2d 537, certiorari denied 344 U. S. 821, the taxpayer and her co-heirs contested the will of the taxpayer's father, and under a compromise agreement it was agreed that the trustee under the will was to pay the Federal estate taxes due on the share of the estate distributed to the taxpayer and her co-heirs. It was further agreed that the trustee was

to be repaid by withholding certain amounts of royalties from iron ore lands. The taxpayer, a beneficiary of the trust, sought to deduct the amounts withheld from her royalties by the trustee, contending that such amounts were ordinary and necessary expenses under section 23 (a) (2). In holding the deduction could not be allowed, we said:

> The contention is without merit for the reason given above, viz, the petitioner would in this manner recoup the estate taxes previously paid with no gain resulting to the government therefrom. This clearly is not within the purview of the law and there were no cases cited nor reasoning offered to support the view. Such a deduction for Federal estate taxes has never been allowed. * * *

The foregoing case was cited with approval and followed in *Jules S. Bache Trust*, 24 T. C. 960.

Moreover, she is not a mere volunteer making a contract payment. The payment she made could be called.the payment of taxes because, if the executors failed to pay the estate tax deficiency, petitioner would be personally liable for any deficiency to the extent of the value of any part of decedent's estate that had been transferred to her. Sec. 827 (b), I. R. C. 1939.

Were we to uphold petitioner's contention, it is easy to see that the beneficiaries under every estate would be well advised to agree to pay their proportionate shares of Federal estate taxes to the estate to reimburse the deceased's representative for the payment of such taxes, and thereby gain an income tax deduction which would, in effect, recover a part of the Federal estate tax payment. We hold that the Commissioner was right in disallowing the deduction.

Petitioner makes some argument that even though the payment be one of Federal estate taxes, it would be deductible under Regulations 111, section 29.23 (c) (2). There is no merit in the argument. While this section allows some tax payments as deductions when they represent expenses for business or conservation of income property, it definitely does not allow the Federal estate tax payment as such a deduction.

*Decision will be entered for the respondent.*