*Decision will be entered under Rule 50.*

JOHN REUTER, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87400. Filed December 29, 1961.

*William McRae, Esq.,* for the petitioner.
*Wesley A. Dierberger, Esq.,* for the respondent.

### OPINION.

PIERCE, *Judge:* Respondent determined a deficiency in income tax against petitioner and his former wife for the calendar year 1957, in the amount of $2,295.12.

The sole issue for decision is whether the amounts which petitioner paid in the taxable year, as additions to tax for the late filing of a Federal manufacturer's excise tax return, are deductible as an ordinary and necessary expense under either section 162 or section 212 of the income tax provisions of the 1954 Code.[1]

All of the facts have been stipulated. The stipulation of facts, including the exhibit attached thereto, is incorporated herein by reference. A summary of such stipulated facts necessary for our decision is as follows.

Petitioner is a resident of Phoenix, Arizona. During the year 1957, he and Ruth Reuter were husband and wife; and they filed a joint income tax return for that calendar year with the district director of internal revenue at Phoenix. Petitioner and Ruth were divorced in 1959; and she did not join in the filing of the petition herein.

The petitioner has been engaged at all times since January 1, 1947, as a sole proprietor in the business of manufacturing and selling golf putters. Prior to 1956, petitioner marketed his products through golf professionals located through the United States; but beginning in 1956 and during the taxable year here involved, he marketed and distributed his products through an independent sales company. In September 1956, as a result of certain discussions had with said sales company's officials, he became aware for the first time of possible liability for manufacturer's excise taxes. Thereupon, he immediately contacted his attorney concerning the possibility of such tax liability for 1956 and prior years; and upon being advised by his attorney that such excise tax liability existed, he immediately commenced an audit of his records to ascertain the amounts of such excise taxes due and owing for said years.

On or about December 19, 1956, petitioner voluntarily filed a delinquent manufacturer's excise tax return for the period from January 1, 1947, through September 30, 1956; and he paid the taxes thereon shown to be due. Up to the time of such filing, no notice of assessment for such taxes had been issued by the respondent; nor, so far as petitioner knew, had any investigation in respect thereto been commenced. Petitioner's delinquency in the filing of the excise tax returns was due to his lack of knowledge at the time when the taxes became due, that he was liable for the same.

Thereafter, the Internal Revenue Service made an assessment in connection with such delinquent excise taxes, for interest in the

---

[1] All references herein are to the Internal Revenue Code of 1954, unless otherwise stated.

amount of $5,051.79, and for "ad valorem penalties" [2] in the aggregate amount of $11,416.62 because of the late filing of the manufacturer's excise tax return. Petitioner then paid on August 15, 1957, the amount of $1,366.26, representing that portion of the assessed additions to tax which pertained to the period for January 1, 1947, through December 31, 1952; and the balance of said assessed additions to tax in the amount of $10,050.36, which pertained to the period from January 1, 1953, through September 30, 1956, was satisfied by payment on October 25, 1957, of an accepted offer in compromise in the amount of $3,310.

In the joint income tax return of petitioner and his wife for 1957, the entire amount of the additions to tax paid in 1957 ($4,676.26) was deducted as a business expense. Respondent disallowed the deduction thereof, "because it has not been established that such amount constitutes an ordinary and necessary business expense."

The sole question to be here decided is, as before stated, whether petitioner is entitled to deduct, for income tax purposes, as an ordinary and necessary expense under either section 162 or section 212,[3] the amount which he paid as additions to tax under section 6651(a) [4] for the late filing of his excise tax return. We think this question must be answered in the negative.

We are here concerned with a Federal statute designed to secure the timely filing of excise tax returns. Petitioner's failure to timely file such return, while not willful, was due to his negligence in failing to acquaint himself with tax liabilities incident to his business operations. The additions to tax here involved are sanctions which were

---

[2] The phrase "ad valorem penalties" has been used by the parties in their stipulation of facts. Actually, said "penalties" are designated in section 6651(a) as "Additions to the Tax."

[3] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

SEC. 212. EXPENSES FOR PRODUCTION OF INCOME.

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

(1) for the production or collection of income;

[4] SEC. 6651. FAILURE TO FILE TAX RETURN.

(a) ADDITION TO THE TAX.—In case of failure to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

intended to encourage diligence by taxpayers in the filing of returns. Hence, to allow an income tax deduction for the amount paid in respect to the same would tend to frustrate the policy of the statute under which such sanctions were imposed.

In *Tank Truck Rentals* v. *Commissioner*, 356 U.S. 30 (1957), which involved the deductibility for income taxes of fines imposed by States for violation of their laws against overloading vehicles, the Supreme Court said:

It is clear that the Congress intended the income tax laws "to tax earnings and profits less expenses and losses," *Higgins* v. *Smith*, 308 U.S. 473, 477 (1940), carrying out a broad basic policy of taxing "net, not * * * gross, income * * *." *McDonald* v. *Commissioner*, 323 U.S. 57, 66–67 (1944). Equally well established is the rule that deductibility under § 23(a)(1)(A) is limited to expenses that are both ordinary and necessary to carrying on the taxpayer's business. *Deputy* v. *du Pont*, 308 U.S. 488, 497 (1940). A finding of "necessity" cannot be made, however, if allowance of the deduction would frustrate sharply defined national or state policies proscribing particular types of conduct, evidenced by some governmental declaration thereof. *Commissioner* v. *Heininger*, 320 U.S. 467, 473 (1943) ; see *Lilly* v. *Commissioner*, 343 U.S. 90, 97 (1952). * * * Significant reference was made in *Heininger* to the very situation now before us; the Court stated, "Where a taxpayer has violated a federal or a state statute and incurred a fine or penalty he has not been permitted a tax deduction for its payment." 320 U.S., at 473.

＊　　　＊　　　＊　　　＊　　　＊　　　＊　　　＊

* * * Deduction of fines and penalties uniformly has been held to frustrate state policy in severe and direct fashion by reducing the "sting" of the penalty prescribed by the state legislature.[8]

＊　　　＊　　　＊　　　＊　　　＊　　　＊　　　＊

Finally, petitioner contends that deduction of the fines at least for the innocent violations will not frustrate state policy. But since the maximum weight statutes make no distinction between innocent and willful violators, state policy is as much thwarted in the one instance as in the other. * * *
[Footnote omitted.]

To the same effect see, *Hoover Express Co.* v. *United States*, 356 U.S. 38 (1958) ; *Benjamin T. Smith*, 34 T.C. 1100 (1960), affd. 294 F. 2d 957, (C.A. 5, 1961). See also sec. 1.162–1(a), Income Tax Regs.

Here we are concerned with the policy of a Federal statute which imposes sanctions, rather than that of a State statute which imposed penalties, but the principle is the same. We agree with respondent that, in accordance with the principle of the authorities and regulations above cited, the amounts of the additions to the tax here involved are not deductible under the income tax statute, as an ordinary and necessary business expense.

*Decision will be entered for the respondent.*