The **NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY**, Plaintiff-Appellant,

v.

**UNITED STATES** of America, Defendant-Appellee.

Nos. 17157, 17689.

United States Court of Appeals Sixth Circuit.

Dec. 7, 1967.

Walter M. Robinson, Jr., Nashville, Tenn., James R. Tuck, Robins H. Ledyard, Nashville, Tenn., for National Life and Accident Ins. Co.

Edward Lee Rogers, Department of Justice, Washington, D. C., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attorneys, Department of Justice, Washington, D. C., on brief; Gilbert S. Merritt, U. S. Atty., Nashville, Tenn., of counsel, for United States of America.

Before O'SULLIVAN and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal by The National Life and Accident Insurance Company, taxpayer, from a judgment in the United States District Court for the Middle District of Tennessee. The action was brought in the District Court by the taxpayer to recover income taxes alleged to have been erroneously and illegally collected in the year 1957. The district judge allowed a recovery but not in the amount claimed by the taxpayer.

The taxpayer's claim arises out of the matter of interest received on two issues of government bonds. These bonds carried an interest rate of 2½ percent per annum, provided the bonds were held to maturity. The full rate of interest was paid to the taxpayer each year that it held the bonds, including 1957, the tax year in

question. The bonds were not transferrable but were redeemable after six months from the date of issue at any time prior to maturity. The bonds were redeemable at par less a deduction made on a graduated scale according to the length of time the bonds were held after issue. This deduction was known as a refund of interest. The amount of the refund decreased as the bonds neared maturity. This resulted in a net interest yield for the period the bonds were held amounting to less than 2½ percent.

The total interest received in 1957 on the bonds in question at the rate of 2½ percent was $106,250. The bonds upon which this interest was paid were redeemed in 1957 prior to maturity. The deduction from the face value of the bonds, denominated refund of interest, amounted to $286,120.

The facts are fully stated in the opinion of the trial judge reported at National Life and Accident Insurance Co. v. United States, 244 F.Supp. 135. The district judge amplified his opinion as reported in a memorandum (not reported) entered on December 5, 1966.

In the trial court the taxpayer claimed that it should have a reduction of $286,120, or a lesser amount, in its taxable bond interest for the year 1957 or that it should have such reduction in its gross investment income for that year. The government denied that the taxpayer was entitled to either reduction. The government stipulated that the taxpayer by reason of certain adjustments on its income tax for the year 1957 was entitled to a refund of $7,361.68. The taxpayer claimed an additional refund in the amount of $22,001.65.

The district judge held that the Series A bonds realized an average yield of 1.87 percent and that the Series G bonds realized an average yield of 1.79 percent for the periods that the bonds were held by the taxpayer. The judge then concluded that from the gross interest of $107,500 [1] received on the bonds in 1957 the tax-

payer could deduct the amount of interest that the bonds actually earned that year at the realized average yield of 1.87 and 1.79 percent. This was on the theory that when income is received and repaid all in the same year the taxpayer reduces the gross income by the amount of the repayment and reports only the net amount retained. Final judgment was entered in favor of the taxpayer in the amount of $9,437.86, including the conceded refund of $7,361.68.

Both parties filed notices of appeal from the judgment entered on the reported opinion and on the amended judgment entered on the memorandum of December 5, 1966. The government subsequently withdrew its appeals and the appeals of the taxpayer were consolidated. On this consolidated appeal the taxpayer has abandoned its claim to a deduction of $286,120. Since the government did not appeal we are bound at least to affirm the judgment in the amount fixed by the District Court. The narrow question before us is whether the trial judge should have allowed the taxpayer to exclude from its 1957 reported income the full amount of interest it received that year at the rate of 2½ percent ($106,250).

We now consider whether the taxpayer was entitled to reduce its reported income for the year 1957 by the entire amount of $106,250, the interest received that year on the bonds in question at the rate of 2½ percent. The taxpayer is a life insurance company and as such is taxed under special statutes relating to life insurance companies. (Section 801 et seq., Title 26, U.S.C.) These statutes give life insurance companies tax benefits over other taxpayers and must be strictly construed. The $286,120 interest refunded in the year 1957 represents the difference between the realized average interest yield on the bonds during the time that they were held and the 2½ percent rate that the taxpayer received during the time the bonds were held prior to re-

---

1. The sum of $107,500 consists of $1,250 interest on a Series G bond redeemed in 1957 at maturity and the $106,250 interest at 2½ percent received on the prematurely redeemed bonds.

demption. An ordinary taxpayer, other than a life insurance company, would treat the entire $286,120 refund of interest as an ordinary loss, for which he would be allowed a deduction. The special statutes governing life insurance companies make no provision whereby the taxpayer could offset or deduct interest income received in years prior to 1957 against or from gross interest income received in 1957. We must therefore deny the claim made by the taxpayer on this appeal.

We affirm the holding of the trial judge that the taxpayer was not entitled to exclude the entire sum of $106,250 from its gross investment income. However, inasmuch as the government has not appealed, we reserve decision on whether the taxpayer was entitled to exclude in 1957 that portion of the interest refunded which, using the average net yields of the bonds, was attributable to interest received in 1957. See Equitable Life Insurance Company of Iowa v. United States, 340 F.2d 9 (C.A. 8), where the taxpayer life insurance company was not permitted to deduct any portion of the refund of interest. We affirm the conclusion of the trial judge as to the amount of the judgment in favor of the taxpayer.