FRANCES J. MAY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9256-74. Filed March 10, 1976.

*S. Gordon Shreffler,* for the petitioner.
*Thomas J. Miller,* for the respondent.

OPINION

STERRETT, *Judge:* The respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1972 in the amount of $113.72. One other adjustment not being in issue, the sole remaining issue is whether the amount paid by petitioner to respondent pursuant to section 6651(a)(2) of the Internal Revenue Code of 1954 [1] is allowable as a deduction.

All of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference.

Petitioner Frances J. May is an individual who resided in Oklahoma City, Okla., at the time she filed the petition herein. Petitioner filed her individual Federal income tax return for the calendar year 1972 with the Internal Revenue Service Center at Austin, Tex.

During 1972 petitioner filed delinquent Federal income tax returns for the years 1966, 1967, 1968, 1969, and 1970. Additions to the tax under section 6651(a)(2) were assessed by respondent and paid by petitioner during 1972 as follows:

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, in effect for the years in issue unless otherwise indicated.

| Year | Amount | Year | Amount |
|------|--------|------|--------|
| 1966 | $184.61 | 1969 | $100.70 |
| 1967 | 192.66 | 1970 | 193.10 |
| 1968 | 210.27 | | |
| | | | 881.34 |

On her 1972 tax return, petitioner claimed an itemized interest expense deduction of $2,295.36 for "I.R.S. Penalty & Interest." Included in this deduction was the $881.34 paid as additions to the tax under section 6651(a)(2).

Respondent disallowed this deduction as follows:

The deduction of $2,295.36, claimed on your return as an itemized deduction for IRS penalty and interest is disallowed to the extent of $881.34 because it is determined that the allowable deduction for interest expense is $1,414.02. Your taxable income is accordingly increased in the amount of $881.34 which represents the nondeductible penalty.

Petitioner objects to this disallowance claiming that the amount paid, which is attributable to section 6651(a)(2), should be considered as interest in substance or as a sanction to encourage prompt compliance with the law in the nature of interest. For support petitioner cites the following legislative history in S. Rept. No. 92-437 (1971), 1972-1 C.B. 559, 600, which discusses the scope of section 162(f):

In connection with the proposed regulations relating to the disallowance of deductions for fines and similar penalties (sec. 162(f)), questions have been raised as to whether the provision applies only to criminal "penalties" or also to civil penalties as well. In approving the provisions dealing with fines and similar penalties in 1969, it was the intention of the committee to disallow deductions for payments of sanctions which are imposed under civil statutes but which in general terms serve the same purpose as a fine exacted under a criminal statute. The provision was intended to apply, for example, to penalties provided for under the Internal Revenue Code in the form of assessable penalties (subchapter B of chapter 68) as well as to additions to tax under the internal revenue laws (subchapter A of chapter 68) in those cases where the government has the fraud burden of proof (i.e., proof by clear and convincing evidence). It was also intended that this rule should apply to similar type payments under the laws of a State or other jurisdiction.

On the other hand, it was not intended that deductions be denied in the case of sanctions imposed to encourage prompt compliance with requirements of law. Thus, many jurisdictions imposed "penalties" to encourage prompt compliance with filing or other requirements which are really more in the nature of late filing charges or interest charges than they are fines. It was not intended that this type of sanction be disallowed under the 1969 action. Basically, in this area, the committee did not intend to liberalize the law in the case of fines and penalties.

We believe that petitioner's contention is misplaced.

It is well established that interest is the cost for the use of money. When a taxpayer fails to pay timely the amount of tax due, this cost is imposed by section 6601(a). The amount imposed by section 6651(a)(2) [2] is clearly labeled as an addition to the tax and serves as a penalty for failure to pay the proper amount of tax. Sec. 6651(b). The penalty, unlike interest, can be avoided upon a showing that the failure to pay was due to reasonable cause and not willful neglect. As such we believe the amount paid under section 6651(a)(2) does not represent interest paid on an indebtedness which is deductible under section 163(a), but rather represents an amount paid for allowing the indebtedness to accrue. The penalty imposed by section 6651(a)(2) does not serve the same function as that served by the imposition of interest and we do not believe that it should be considered as interest.

Furthermore, we note that the interest imposed under section 6601(a) may also run on an addition to the tax not paid within the prescribed period, that the recent legislation affecting the rate of interest imposed under section 6601(a) left unaltered the rate of the penalty imposed by section 6651(a)(2), and that the penalty is subject to an aggregate limit of 25 percent. Secs. 6601(f)(3), 6621, and 6651(a)(2).

Characterizing the amount imposed under section 6651(a)(2) as a penalty does not help petitioner's cause. Section 162(f) [3] prohibits the deduction under section 162(a) of any penalty paid to a government for the violation of any law, and the regulations specifically include in the definition of a fine or penalty an addition to the tax imposed by chapter 68 of the Internal Revenue Code which includes section 6651(a)(2). Sec. 1.162-21(a) and (b), Income Tax Regs.

---

[2] SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX.
(a) ADDITION TO THE TAX.—In case of failure—
 * *·*

 (2) to pay the amount shown as tax on any return specified in paragraph (1) on or before the date prescribed for payment of such tax (determined with regard to any extension of time for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; or * * *

[3] SEC. 162. TRADE OR BUSINESS EXPENSES.
 (f) FINES AND PENALTIES.—No deduction shall be allowed under subsection (a) for any fine or similar penalty paid to a government for the violation of any law.

Petitioner has neither attempted to prove nor argued that the amount paid pursuant to section 6651(a)(2) was connected with the carrying on of a trade or business during the years for which the penalty is attributable, although the tax return for 1972 which is in the record does reflect income and expenses associated with a rental property. Even assuming that there is a trade or business connection we do not believe that a deduction would be authorized.

In *John Reuter, Jr.,* 37 T.C. 599 (1961), the taxpayer paid an addition to the tax imposed for failure to file excise tax returns due in connection with his business. The amount paid was deducted as a business expense and was subsequently disallowed by the respondent because it was not established that the amount represented an ordinary and necessary business expense. *John Reuter, Jr., supra* at 601.

In discussing section 6651(a),[4] which imposed the penalty for failure to file the returns, we said in *John Reuter, Jr., supra* at 601-602:

We are here concerned with a Federal statute designed to secure the timely filing of excise tax returns. Petitioner's failure to timely file such return, while not willful, was due to his negligence in failing to acquaint himself with tax liabilities incident to his business operations. The additions to tax here involved are sanctions which were intended to encourage diligence by taxpayers in the filing of returns. Hence, to allow an income tax deduction for the amount paid in respect to the same would tend to frustrate the policy of the statute under which such sanctions were imposed.

The Court went on to adopt the concepts expressed in *Tank Truck Rentals v. Commissioner,* 356 U.S. 30 (1958), and to say that these principles were equally applicable to the Federal statute there in issue as well. Respondent's determination was upheld.

We believe that these concepts apply to the statute involved in this case with the consequence that the claimed deduction for the penalty, paid pursuant to section 6651(a)(2), as an ordinary and necessary business expense, must be disallowed.

*Decision will be entered under Rule 155.*

---

[4] Sec. 6651(a) of the Internal Revenue Code of 1954 was amended to its present status by the Act of Dec. 30, 1969, Pub. L. 91-172, 83 Stat. 727.