ALBERT J. UHLENBROCK AND SYLVIA J. UHLENBROCK, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2076–75. Filed February 17, 1977.

---

*Kenneth R. Hughes,* for the petitioners.
*Joel V. Williamson,* for the respondent.

OPINION

TANNENWALD, *Judge:* Respondent determined a deficiency in petitioners' Federal income tax for 1973 in the amount of $3,021.65. The sole issue before us is whether petitioners are entitled to a deduction in respect of that portion of a section 6651(a)[1] addition to tax incurred by the Estate of Frank Duttenhofer which was paid in 1973 by Albert J. Uhlenbrock as a fiduciary of such estate.

The parties submitted this case to the Court upon a full stipulation of facts (Rule 122, Tax Court Rules of Practice and Procedure) which is incorporated herein by this reference.

Petitioners, husband and wife, resided in Cincinnati, Ohio, at the time of filing their petition herein. They filed a joint Federal income tax return for 1973 with the Internal Revenue Service Center at Covington, KY.

In 1963, Albert J. Uhlenbrock (Uhlenbrock) and William Duttenhofer were appointed coexecutors of the Estate of Frank Duttenhofer (the estate). Uhlenbrock served in this capacity throughout the administration of the estate and, on February 19, 1965, received $7,070 from the estate as compensation for his executorial services. As a legatee under the last will and testament of Frank Duttenhofer, Uhlenbrock also received $5,000 from the estate.

The Federal estate tax return for the estate was due on May 22, 1964, but was not filed until October 27, 1964. Subsequently, a deficiency in the amount of $219.91 and an addition to tax under section 6651(a) in the amount of $39,129.81 were determined to be due from the estate. *Estate*

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.

*of Frank Duttenhofer,* 49 T.C. 200 (1967), affd. per curiam 410 F.2d 302 (6th Cir. 1969).

On July 19, 1968, respondent made an assessment against the estate in the amount of $39,349.72. The estate satisfied $9,111.34 of this liability with estate funds, leaving $30,238.38, exclusive of interest, owing.

On December 15, 1971, respondent mailed Uhlenbrock two notices of deficiency arising from the estate tax liability: in one notice, respondent determined that Uhlenbrock was personally liable for the full amount of the estate's liability as a fiduciary of the estate; in the other notice, respondent determined that Uhlenbrock was liable to the extent of $5,000, plus interest, as a transferee of assets of the estate. Notices of deficiency were also issued to William Duttenhofer, as a fiduciary of the estate, and the other beneficiaries under the last will and testament of Frank Duttenhofer, as transferees of the estate.

As coexecutors, Uhlenbrock and William Duttenhofer had paid or caused to be paid debts of the estate and had distributed or caused to be distributed assets of the estate without paying $30,238.38 of the estate tax deficiency and addition to tax for which the estate was liable.

After all of the recipients of notices of deficiency as fiduciaries or transferees of the estate had filed petitions with this Court for redeterminations of their liabilities, an agreement was reached for the payment of the amount owing ($30,238.38) plus statutory interest in the amount of $9,375.89. Payment was made as follows:

| | |
|---|---|
| Attorney for the estate | $18,987.58 |
| Uhlenbrock | 7,962.47 |
| William Duttenhofer | 7,962.47 |
| Floyd S. Sapp, transferee | 1,901.84 |
| Ada M. Foley, transferee | 2,852.76 |
| Total | [2]39,667.12 |

Uhlenbrock's payment of the above-stated amount was made in 1973. On their joint income tax return for 1973,

---

[2] This total was stipulated by the parties, as were the amounts of tax and interest owing. We note that the total amount paid exceeds the sum of tax and interest that the parties stipulated was owing. See paragraph preceding table above.

petitioners claimed the $7,962.47 payment as a miscellaneous itemized deduction with the following notation:

> Return of Co-Exec. Fee Plus Interest—Estate of Frank Duttenhofer (dec'd)—Reported as Income Tax Year 1965—Copy Attached

Respondent determined that $6,080.47 of the claimed deduction was not allowable[3] becuase no deduction is permitted "for any fine or similar penalty paid to a government for the violation of any law." Petitioners dispute respondent's determination on several grounds, which we deal with seriatim.

Initially, petitioners assert that Uhlenbrock was engaged in a trade or business of being an executor within the meaning of section 162. But we have no evidence before us as to the extent of the activities of the estate or of any other activities of Uhlenbrock as executor or trustee from which we can make a determination as to this contention. In the absence of any such evidence, we hold that the petitioners have failed to carry their burden of proof and apply the general rule that activities as executor or trustee of one estate or trust do not usually constitute the carrying on of a trade or business. *McDowell v. Ribicoff*, 292 F.2d 174 (3d Cir. 1961); *Estate of Hyman Y. Josephs*, 12 T.C. 1069 (1949).

Alternatively, petitioners contend that the expenditure in question is allowable as an expense in connection with the production of income under section 212. That section does not expand the category of deductions otherwise not allowable as trade or business expenses under section 162. *Trust of Bingham v. Commissioner*, 325 U.S. 365 (1945). In view of his receipt of commissions, Uhlenbrock would be entitled to deduct the ordinary expenses of being an executor under section 212, but he must run the gauntlet of section 162 in respect of the deduction claimed herein. We are thus brought directly to the question whether the claimed deduction should be disallowed as a "fine or similar penalty paid to the government for the violation of any law." Sec. 162(f); sec. 1.212–1(p), Income Tax Regs.[4]

---

[3] Respondent disallowed that portion of the claimed deduction attributable to payment of the sec. 6651(a) addition to tax. We need not concern ourselves with any allocation of the settlement payment between fiduciary and transferee liabilities because the former caused petitioner to be liable for the entire amount owing.

[4] Respondent's regulations interpreting sec. 162(f) provide that nondeductible fines

Petitioners advance several arguments to avoid the applicability of section 162(f) and respondent's regulations. First, they contend that the addition to tax under section 6651(a) does not fall within the class of disallowed fines or penalties. Essentially, petitioners' position is that Congress uses the word "penalty" in other sections of the Code (for example in subchapter B of chapter 68), thereby implying that the addition to tax under section 6651(a) is not a "penalty." In so arguing, petitioners ignore the fact that Congress used the word "penalty" in section 6651(b) which specifies the amount upon which the addition to tax under section 6651(a) is to be calculated. See also section 6651(a), which specifically characterizes the addition to tax for failure to file a return under section 6651 as a "penalty." Moreover, the Supreme Court has characterized the addition to tax involved herein as a "penalty." See *Spies v. United States*, 317 U.S. 492, 495–496 (1943). And this Court has previously noted with approval respondent's interpretation of section 162(f) to include such addition to tax.[5] See *Frances J. May*, 65 T.C. 1114, 1116–1117 (1976). Cf. *John Reuter, Jr.*, 37 T.C. 599 (1961). We hold that the addition to tax imposed by section 6651(a) is a penalty within the meaning of section 162(f).

Petitioners next contend that, even if the addition to tax constitutes a nondeductible fine or penalty, Uhlenbrock did not pay the addition to tax; rather he merely satisfied a debt of the estate. Thus, they reason that the character of the liability assessed against the estate was not passed through to him. Petitioners weave their argument from the statutory

---

or penalties include amounts paid as additions to tax under sec. 6651(a) for the delinquent filing of a return. Sec. 1.162–21(b)(1)(ii). These regulations were promulgated in 1975 construing sec. 162(f) as added to the Code by sec. 902 of the Tax Reform Act of 1969 (Pub. L. 91–172, 83 Stat. 710). See T.D. 7345, 1975–1 C.B. 51–55, as amended by T.D. 7366, 1975–2 C.B. 64–65.

Since we arrive at the same interpretation of sec. 162(f) as that incorporated in the regulations, we have no need to deal with any issue of "retroactivity," an issue which petitioners in any event do not raise. We observe, however, that, as the first administrative interpretation of new law, no "retroactivity" problem would ordinarily arise. See *Helvering v. Reynolds*, 313 U.S. 428 (1941); see also 1 Mertens, Law of Federal Income Taxation, sec. 3.25 (1974 ed.).

[5] We recognize that there is a contrary suggestion in a postenactment legislative commentary on sec. 162(f). See S. Rept. No. 92–437 (1971), 1972–1 C.B. 559, 600. But, that commentary is ambiguous at best. Under such circumstances, we are not disposed to give it more than passing notice; certainly it cannot be determinative of the issue involved herein. See *Estate of John G. Stoll*, 38 T.C. 223, 247 (1962), and cases cited thereat.

language by which Uhlenbrock became answerable for the estate's liability. Sec. 6901(a)(1) (B); R.S. sec. 3467 (1934), 31 U.S.C. sec. 192 (1970 ed.). This latter provision reads as follows:

Liability of fiduciaries.—Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid.

Petitioners' contention that the liability passed through to Uhlenbrock as a fiduciary lost its penalty character is without merit. The fact that the liability, which Uhlenbrock paid, also constituted a "debt" within the meaning of section 3467 of the Revised Statutes does not result in its losing its character as a penalty. Cf. *Helen C. Rippey*, 25 T.C. 916, 919–920 (1956). In other situations, courts have looked to the origin of the liability involved to determine its true characterization. Cf. *United States v. Gilmore*, 372 U.S. 39 (1963). But for Uhlenbrock's failure to exercise ordinary care in seeing to the timely filing of the estate tax return, no addition to tax would have been determined. See *Estate of Frank Duttenhofer*, *supra*. In this context, Uhlenbrock's payment would appear to represent nothing more than a mechanism by which he satisfied his liability to surcharge. Cf. *Carl F. Fayen*, 34 T.C. 630, 637 (1960).

Finally, petitioners' attempt to support the claimed deduction under section 1341, as a restoration of Uhlenbrock's previously reported executor's commission held under claim of right, must fail. First, Uhlenbrock's receipt of commissions and his liability for payment of the penalty were separate and distinct transactions; unquestionably, he would have incurred the liability, even if he had received no commissions. Moreover, the amount he received from the estate as commissions bore no relationship to the amount he became obligated to pay the United States. Additionally, we are satisfied that section 1341 does not permit a deduction otherwise disallowed by the Code. See *United States v. Skelly Oil Co.*, 394 U.S. 678, 683 (1969); *National Life & Accident Insurance Co. v. United States*, 244 F.Supp. 135, 141 (M.D.

Tenn. 1965), affd. 385 F.2d 832 (6th Cir. 1967); *John G. Pahl,*
67 T.C. 286 (1976); sec. 1.1341–1(a)(1), Income Tax Regs.

One final comment. Our reasoning herein is based upon our
interpretation of the applicable statutory provisions. How-
ever, it cannot be gainsaid that such interpretation comports
with the obvious public policy considerations involved. A
contrary interpretation would open the door to various
techniques for disguising the payment of the addition to tax
under section 6651(a) in order to avoid characterization as a
penalty and obtain a deduction, thereby putting the Govern-
ment in the position of sharing in the penalty which the
statute imposes and significantly reducing the net cost for late
filing. Cf. *Helen C. Rippey, supra; Marion A. Burt Beck,* 15 T.C.
642, 662–664 (1950), affd. per curiam 194 F.2d 537 (2d Cir.
1952).[6] Clearly, such a result would frustrate public policy.
The foregoing observations are not intended to articulate an
independent ground for our reasoning herein,[7] but merely to
set forth the public policy considerations as an aid to
statutory construction.

*Decision will be entered for the respondent.*

---

[6] An estate could file a tardy return and reduce the sting of the penalty by
arranging a quick distribution of assets and payment of other debts, thereby
triggering the fiduciary liability provisions. In this way, the fiduciary might pay the
penalty and claim a deduction therefor.

[7] We are not unmindful of the legal controversy in respect of the degree to which
the 1969 tax legislation "preempts" judicial reliance upon public policy factors to
independently disallow certain deductions. See sec. 1.162–1(a), Income Tax Regs.;
*Raymond Mazzei,* 61 T.C. 497, 503–507 (1974) (Tannenwald, J., concurring, and
Sterrett, J., dissenting); see also Note, "The Judicial Public Policy Doctrine in Tax
Litigation," 74 Mich L. Rev. 131 (1975).