MICHAEL R. SHALLENBERGER AND JANELLE A. SHALLENBERGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shallenberger v. Commissioner
Docket No. 8748-92
United States Tax Court
T.C. Memo 1994-486; 1994 Tax Ct. Memo LEXIS 498; 68 T.C.M. (CCH) 848; October 5, 1994, Filed *498 Decision will be entered under Rule 155. Michael R. Shallenberger and Janelle A. Shallenberger, pro se. For respondent: Brian M. Harrington. PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies and additions to petitioners' Federal income taxes as follows: Year
1986
1987
1988
Deficiency
$ 3,095.00
$ 2,374.00
$ 654.00
Additions to Tax:
Sec. 6653(a)(1)(A)
154.75
118.70
-- Sec. 6653(a)(1)
-- -- 32.70
Sec. 6653(a)(1)(B)
[1] [1] -- After concessions by both parties, this Court must decide: (1) Whether Mrs. Shallenberger was engaged in for profit with respect to her music teaching activity; (2) whether petitioners substantiated the amounts claimed as business expenses and employee business expenses in excess of those allowed or conceded by respondent; (3) whether petitioners have income from *499 discharge of indebtedness; (4) whether petitioners are entitled to deduct the penalty portion of employment taxes as a business expense; and (5) whether petitioners are liable for additions to tax for negligence under section 6653(a)(1)(A) and (B) for 1986 and 1987 and under section 6653(a)(1) for 1988. Some of the facts in the case have been stipulated and are so found. Petitioners resided in Kokomo, Indiana, at the time they filed their petition. For convenience, we have combined the findings of fact and opinion. Petitioners' Federal income tax returns for the years in issue included income and expenses of several business activities on six different Schedules C. These activities were known as The Know-Notes (music lessons), Janelle's Amway Sales (Amway products), Popcorn Plus (snack bar), American Tax Consultants (tax preparation), M. R. Shallenberger Realty (real estate sales), and Mike's Cleaning and Repair (cleaning and repair services). Additionally, both petitioners had been employed at times during the years in issue. 1. Music Lessons
Mrs. Shallenberger has been a music instructor since her graduation from Ball State University where she specialized in music. *500 Mrs. Shallenberger conducted private music lessons in her home from 1966 through the years in issue. Petitioners reported gross receipts of $ 145, $ 135, and $ 60 on the Schedule C for The Know-Notes for 1986, 1987, and 1988, respectively. They also claimed business expenses for The Know-Notes of $ 1,321, $ 1,606, and $ 395 for these years, respectively. Thus, petitioners claimed losses on the Schedule C for The Know-Notes of $ 1,176, $ 1,471, and $ 335 for 1986, 1987, and 1988, respectively. Respondent determined that the losses claimed were not allowable under section 183 because the activity was not engaged in for profit. Mrs. Shallenberger charged $ 5 for each lesson. She often accompanied her students at contests and recitals, and gave her students extra lessons before contests for which she did not charge. Mrs. Shallenberger testified that she put an average of about 80 hours into The Know-Notes activity during each year in issue. The deductions claimed mostly consist of "home office" items, including depreciation, mortgage interest, and utilities. During 1987 and 1988, Mrs. Shallenberger also taught music for private and parochial schools. She earned wages of $ 1,567.25 *501 and $ 2,168.23 as a music teacher from Music On The Move in 1987 and 1988, respectively. In 1988, Mrs. Shallenberger also earned $ 3,733.32 as a full-time music teacher for the fall semester at St. Patrick's School, Kokomo, Indiana. During the years in issue, Mrs. Shallenberger was also involved in several other activities including real estate sales, Amway sales, tax preparation services, and a snack bar operation. Section 183(a) states the general rule that if an individual engages in an activity and "if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section." Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year" under sections 162 or 212(1) or (2). The test to determine whether an activity is engaged in for profit is whether the individual engaged in the activity with the "actual and honest objective of making a profit." Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir 1983). *502 Whether petitioner had such an objective must be determined by reference to all surrounding facts and circumstances, and greater weight is given to such facts than to the taxpayer's statement of intent. Dreicer v. Commissioner, supra at 645. Petitioners have the burden to prove the requisite profit objective and that respondent's determination that the activities were not engaged in for profit was incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Some of the relevant factors to be considered to determine whether an activity is engaged in for profit are listed in section 1.183-2(b), Income Tax Regs. These factors include (1) the manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profit, if any, which is earned; *503 (8) the financial status of the taxpayer; and (9) whether elements of pleasure or recreation are involved. No one factor is conclusive in making this determination. Allen v. Commissioner, 72 T.C. 28, 33-34 (1979). On this record we find that petitioner has failed to show that she possessed the requisite profit objective with regard to The Know-Notes. The manner in which Mrs. Shallenberger carried on her activity does not show a profit objective. Mrs. Shallenberger charged very little for her services, and she performed more services for free than she did for a fee. She stated during the trial "I'm working pretty cheap, aren't I?" Mrs. Shallenberger remembered only one profitable year, 1975, even though she has performed this activity since 1966. We find that Mrs. Shallenberger did not demonstrate that she had a profit objective in The Know-Notes activity. We therefore sustain respondent on this issue for all 3 years in issue. We further note that even if Mrs. Shallenberger's activity had the requisite profit objective most of the deductions claimed would be limited by section 280A. Petitioners are both income tax preparers and should have been *504 aware of this limitation. 2. Substantiation of Business Expenses and Employee Business Expenses
Next, we must determine whether petitioners have substantiated deductions claimed in excess of the amounts allowed or conceded by respondent. Petitioners claimed business expense deductions and employee business expense deductions during the years in issue. The amounts determined to be unallowable by respondent due to lack of substantiation and still in dispute are as follows: Item
1986
1987
Taxes (Popcorn Plus)
$ 2,835.07
$ 1,351.46
Wages (Popcorn Plus)
--
323.00
Depreciation (Popcorn Plus)
423.00
7,085.00
Interest (Popcorn Plus)
4,728.00
--
Employee Business Expense
495.00
Totals
$ 8,481.07
$ 8,759.46
Petitioners have the burden to prove that respondent's determinations are incorrect. Rule 142(a); Welch v. Helvering, supra.Deductions are a matter of legislative grace. The taxpayer seeking a deduction must be able to show that the deduction comes within the express provisions of the statute. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioners deducted $ 4,261 *505 and $ 1,461 for employment taxes for Popcorn Plus for 1986 and 1987, respectively. Respondent determined that these deductions were not allowable because petitioners failed to substantiate any of these expenses during the audit. During trial and in a post trial submission of additional documents, petitioners substantiated and respondent conceded $ 1,425.93 and $ 109.54 of employment taxes for 1986 and 1987, respectively. Petitioners have failed to prove that they are entitled to any deductions in excess of the amount conceded by respondent. We hold that petitioners are entitled to deduct $ 1,425.93 and $ 109.54 for employment taxes in 1986 and 1987, respectively. Petitioners deducted $ 5,650 for wages on the Schedule C for Popcorn Plus in 1987. Respondent disallowed $ 564 on the grounds that it was not an ordinary or necessary business expense. Subsequently, petitioners substantiated all but $ 323 of these wages. After our review of documentation submitted by petitioners during trial, we find that they did not substantiate the $ 323 in issue, and they are not entitled to deduct that amount. Petitioners deducted $ 4,058 and $ 7,085 for depreciation deductions on the Schedule *506 C for Popcorn Plus for 1986 and 1987, respectively. Respondent disallowed $ 423 and $ 7,085 for 1986 and 1987, respectively. Section 167 allows a depreciation deduction for property used in a trade or business. Under the Accelerated Cost Recovery System, section 168(a) provides that the depreciation deduction shall be determined by using the applicable recovery period. Aside from nonrelevant exceptions, section 168(d)(2)(B), I.R.C. 1985, which is applicable in the instant case because the property was placed in service before 1986, provides that no recovery deduction is allowable in the year property is disposed of Belitsky v. Commissioner, T.C. Memo. 1991-577. Petitioners disposed of the Popcorn Plus assets in 1987. Accordingly, we hold that no depreciation deduction is allowable for Popcorn Plus in 1987. Sec. 168(d)(2)(B). Petitioners and respondent agree that the property subject to depreciation in 1986 and 1987 was classified as 5-year property under section 168(b). Mr. Shallenberger testified that he used 5 years to compute depreciation on the 1986 return. Upon examination of the work sheet used to prepare the return, we find that petitioners *507 classified certain property acquired in 1985 (sign, grill, and filing cabinet) as 5-year property, but improperly used the percentages for 3-year property when they made their computations. Accordingly, we sustain respondent's determination on this issue for 1986. Petitioners deducted interest expense of $ 8,210 on the Schedule C for Popcorn Plus in 1986. Respondent determined that $ 4,728 was not allowable because it was not substantiated. Petitioners failed to adequately substantiate any interest expense in excess of that allowed by respondent. Thus, we uphold respondent's determination on this issue. Petitioners claimed $ 2,089 as employee business expenses in 1986. Respondent determined that $ 495 was not allowable because petitioners failed to substantiate that amount. Petitioners were unable to provide any further substantiation at the trial because they claimed some records were destroyed by fire. On this record, we have no choice but to sustain respondent on this issue. 3. Discharge of Indebtedness
Respondent determined that petitioners were relieved of liability from a debt to Dan Church of Modern Flavors in the amount of $ 2,754 and that this amount was *508 includable in petitioners' ordinary income. Petitioners testified about transactions which typically are loaded with paperwork and documentation, such as bank loans, a sheriff's sale, a repossession, and sale of a home, which purportedly satisfied debt. Yet, petitioners have presented as evidence only one document together with their testimony. That document without related documentation was worthless from an evidentiary standpoint. Furthermore, we find that petitioners' testimony is less than credible, particularly in view of their reluctance to present documentation. Petitioners have failed to meet their burden to disprove respondent's determination on this issue. Rule 142; Welch v. Helvering, 290 U.S. 111 (1933). Therefore, we uphold respondent's determination that petitioners had ordinary income of $ 2,754. Sec. 61(a)(12). 4. Employment Taxes (American Tax Consultants)
Petitioners deducted $ 1,777 for employment taxes on their Schedule C for American Tax Consultants in 1987. Respondent disallowed $ 1,306, and after concessions by respondent, $ 93 remains in dispute. Respondent asserted that the $ 93 was a penalty. Petitioners *509 contended it was a business expense. Section 162(f) provides that no deduction shall be allowed for any fine or similar penalty paid to a Government for the violation of any law. This Court has held that additions to tax are penalties under section 162(f), and therefore not deductible as a business expense. May v. Commissioner, 65 T.C. 1114, 1116-1117 (1976). We sustain respondent on this issue. 5. Additions To Tax
Section 6653(a)(1)(A) provides for an addition to tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations for 1986 and 1987. Section 6653(a)(1) provides for an addition to tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations for 1988. Section 6653(a)(1)(B) provides for a further addition to tax in the amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations for 1986 and 1987. Petitioners have the burden to prove that any underpayment of tax was not due to negligence. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). *510 Under section 6653, negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Based on this record, we find that petitioners are liable for the additions to tax for negligence for 1986, 1987, and 1988, as determined by respondent. Decision will be entered under Rule 155. Footnotes
1. 50% of the interest due on the deficiency.↩